1817.

*Chambers-*
*burg.*

—

*Monday,*
September 29.

### In Error.

GALBRAITH and others *against* the lessee of GAL-
BRAITH and others.

If in a deed of bargain and sale, the premises convey an estate " to the grantees or any of them, their or any of their heirs or assigns," and the habendum " to them, their heirs and assigns for ever," the grantees hold as tenants in common.

UPON a writ of error to the Common Pleas of *Cumberland* county, in an ejectment, the single question was, whether *Robert* and *Samuel Galbraith*, took an estate in joint-tenancy or in common, by the deed of *Joseph Galbraith*, dated the 19th *March*, 1794. The conveyance was a deed of bargain and sale. In the *premises* the land was given " to " them or any of them, their or any of their heirs or assigns." The *habendum* was " to them, their heirs and assigns for ever."

The Court below held it to be a tenancy in common, and gave judgment accordingly.

*Carothers,* for the plaintiff in error. There is nothing in this deed which severs the interest which it conveys. The grant to them, " or any of them," means any one which shall survive. So " any of their heirs or assigns," means the heirs of any one which may survive. If there were doubt on the premises, the meaning is explained by the *habendum,* which designates a clear and express joint-tenancy. The office of the *habendum* is to determine what estate or interest is granted by the deed ; it may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to the estate granted in the premises. 2 *Black. Com.* 297–8. 13 *Co.* 55.

*Watts* and *Duncan,* for the defendants in error.

Where there appears, in a will or deed, a plain intent to divide the estate, it dissolves the joint-tenancy. No particular form of words is necessary for this purpose ; and various expressions have from time to time been held to produce this effect. " Equally to be divided," in a deed makes a

tenancy in common, *Fisher* v. *Wigg.*(a) So does the word "respectively," 2 *Atk.* 121. Such estate is a favourite of the law; whereas a joint-tenancy is odious; and the principles of the feudal system from which it originated, are foreign to the feelings and civil institutions of *Pennsylvania*. *Caines* v. *Grant*,(b) fully establishes the principle we contend for. "Any," is a word of individuality; it means, that any of the heirs might take. In a bond, the words, we bind ourselves, or any of us, our, or any of our heirs, make it joint and several. If the heirs of the survivor only took, the heirs of the one who died first could not take. Devise to A, and B, in trust for the testator's three sisters, and as they should severally die, to go to their several heirs; the three sisters take a fee simple in common. 2 *Atk.* 441. The *habendum* may enlarge the premises, but cannot lessen them. If the *habendum* be repugnant to the premises the grantee takes according to the premises. 3 *Cruise*, 433. They also cited 1 *Cruise*, 425. 3 *Cruise*, 430. *Co. Lit.* 280. 1 *Wils.* 165. 2 *Bl. Com.* 193. 2 *Atk.* 55. 3 *Atk.* 524. 1 *Vez.* 166. 5 *Binn.* 16. 119. 123. 2 *Vez.* 258. 262. 1 *Wils.* 391. 1 *P. Wms.* 14. *Cowp.* 660. 2 *Johns. Cas.* 368. 2 *Wooddeson*, 135.

The opinion of the Court was delivered by

TILGHMAN C. J.  Joint-tenancy is, at this day, so far from being favoured, that the Courts think themselves justified in exercising their ingenuity against it. In most instances, it operates contrary to the opinion and intent of the parties. If the premises of this deed had contained the same words as the *habendum*, it could have been nothing else than a joint-tenancy. But, between the premises, and the *habendum*, there is a very material difference. The deed is inartificially drawn, but it is not difficult to perceive, that a several estate was intended. "To them or any of them, "their or *any* of their heirs," that is, them and *each* of them, their and *each* of their heirs; *any* heir which *either* of them might have; because, if either of them had an heir which took nothing, the word *any* would not be satisfied in its full extent. Ever since the case of *Fisher* v. *Wigg*, 1 *P. Wms.* 14, 1 *Ld. Raym.* 622, decided by Judges GOULD and TURTON, against the opinion of HOLT, it has been considered, as

well established, that in a deed operating by way of use, the intention of the grantor, though not expressed in technical words, should govern the nature and quality of the estate. That principle is decisive of the present case. But it is objected, that the *habendum* in this deed, shews an intent to give a *joint-tenancy*, and shall, therefore, controul the *premises*. I do not think, that such an intent can be clearly deduced from the *habendum*. It ought not to be supposed, that a man had different intentions in the same instrument. The different parts of the deed should, therefore, be so construed, as to preserve consistency throughout. Now, supposing an intent to give a *tenancy in common*, to be shewn in the *premises*, the words of the *habendum*, *to them and their heirs*, may be understood, as referring to the premises, *to them and their heirs as aforesaid*, that is to say, *to them or any of them, their or any of their heirs*. This is much more rational, than to imagine, that the parties intended to undo in one part of the deed what had been done in another. There is no occasion, therefore, to consider, what may be the effect of the *habendum*, in cases where a different estate from that in the premises, is *clearly* given.

Upon the whole, there is enough appearing on the face of this deed, to satisfy me, that the parties intended a tenancy in common, and, therefore, I am of opinion, that the judgment should be affirmed.

Judgment affirmed.